# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| PARKER-MIGLIORINI INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ARANGO CAPITAL FUNDS, INC., EMPRESAS ARANGO, INC., and JULIO ARANGO, <br><br> Defendants. | MEMORANDUM DECISION & ORDER <br><br> Case No. 2:14-cv-00135-DBP <br><br> Magistrate Judge Dustin Pead |

On May 29, 2014, Plaintiff Parker-Migliorini International ("Plaintiff"), filed an *ex parte* motion seeking to: (1) toll the time for service under Rule 4; and (2) obtain permission to serve Defendants Arango Capital Funds, Inc., Emresas Arango, Inc., and Julio Arango (collectively, "Defendants") through alternative means (doc. 9). Defendant Arango Capital Funds and Defendant Empresas Arango, Inc. are entities with a principal place of business at Ave. Roosevelt, #145, San Juan, Puerto Rico 00918. Defendant Julio Arango ("Arango") is an individual defendant, who is listed as the registered agent for Defendant Arango Capital Funds Inc., and also believed to be the registered agent or an officer of Defendant Empresas Arango Inc. (doc. 9, ¶3, ¶4).

In support of its motion and as documented in the notarized "Proof of Service," Plaintiff asserts that Puerto Rican based "ICA Investigations" has unsuccessfully attempted to effect service on Arango, at the San Jan business address, on at least ten occasions (doc. 8). While unable to contact Arango, the server has had numerous interactions and contacts with Arango's

secretary who works at the San Juan address.[1] As a result of the process server's continued inability to make contact with Arango, and due to the server's "frequent and regular contact" with Arango's office staff, Plaintiff seeks to serve Arango's secretary with a copy of the relevant summonses and complaint (doc. 9).

The Federal Rules of Civil Procedure allow for service according to applicable state law. *See* Fed. R. Civ. P. 4(e)(1) ("an individual may be served by following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made); Fed. R. Civ. P. 4(h)(1)(A) ("a domestic or foreign corporation, or partnership" must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual").

Accordingly, pursuant to Rule 4(d)(4)(A) of the Utah Rules of Civil Procedure:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication *or by some other means*. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(4)(A) (Emphasis added).

Based upon the facts alleged, the Court finds good cause to believe that Arango is avoiding service of process. Arango is either unavailable or not at the office each time service is

---

[1] Plaintiff's notarized "Proof of Service" documents service attempts on March 6, 2014, March 11, 2014, March 19, 2014, March 25, 2014, April 25, 2014, April 29, 2014, May 5, 2014, May 8, 2014, May 12, 2014 and May 15, 2014. On all of these dates, except three, the process server was in communication with Arango's secretary who provided information as to Arango's whereabouts (e.g. Arango "just left the office for the day," "wasn't going to be in for the day," "only visits the office when patients have appointments," "is out for the day on some meetings out of the area.") (doc. 8).

attempted. Further, even when Arango's secretary suggested that the process server attempt contact the "next day at [sic] the morning after 9:00 a.m." an attempt to serve Arango at 9:21 a.m. the next day proved futile. While these multiple attempts to serve show that Arango has significant and frequent contacts with his office, it also shows that his secretary possess a detailed knowledge of his schedule and is in frequent and regular contact with Arango. Based thereon, the Court finds that service of the summonses and complaint on Arango's secretary, at Arango's known place of business, is a means "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action". *See* URCP 4(d)(4)(A). Moreover, such alternative means of service is generally consistent with federal and state rules permitting service by leaving a copy with a suitable individual at the Defendant's dwelling or usual place of residence. *See* Fed. R. Civ. P 4((e)(2)(B) (permitting service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"); Utah R. Civ. P. 4(d)(1)(allowing summons and complaint to be served by "leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing or by delivering a copy. . . to an agent authorized by appointment or by law to receive service of process.").

In the alternative, if Plaintiff is unable to serve Arango through his secretary, Plaintiff requests that it be allowed to serve Defendants through publication in a " newspaper of general circulation in San Juan, Puerto Rico for ten (10) consecutive days and by mailing a copy of the summonses and complaint to defendants at the foregoing business address" (doc. 9-1, p.2). While publication is appropriate when a Defendant cannot be located or is purposefully avoiding service, the Court shall consider publication if the manner of service, as set forth herein, proves

unsuccessful.

Accordingly, it is hereby ORDERED:

1. Plaintiff is hereby given an additional thirty (30) days within which to serve Defendants.

2. Plaintiff may effect service by delivering a copy of the summonses and complaint to Arango's secretary at Defendants' known place of business: Ave. Roosevelt, #145, San Jan, Puerto Rico 00918.

3. If Plaintiff is unable to effect service through the manner discussed herein, Plaintiff may file a request with the Court to serve Defendants through publication. Such request shall include information on all efforts and attempts made to serve Defendants through the alternative means permitted.

DATED this 2nd day of June, 2014,

_____
Dustin B. Pead
U.S. Federal Magistrate Judge